UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 07-7229 |
| GWENDOLYN MOYO | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is Defendant's Objections (Rec. Doc. 8), and Defendant's Motion to Continue (Rec. Doc. 13)  For the reasons below, Defendant's Motion to Continue (Rec. Doc. 13) is **DENIED** and Defendant's Objections (Rec. Doc. 8) are **OVERRULED**.

**BACKGROUND**

The United States of America has instituted this civil action against Gwendolyn Moyo to levy on property owned by the Defendant in order to satisfy a judgment that was entered in the United States District Court for the District of Arizona on November 29, 1989.  This judgment ordered Ms. Moyo to pay restitution in the amount of $706,208.53 to various non-governmental victims, $490,000.00 in federal restitution to the United States Forestry Service and the Soil Conservation Service; and a $250,000.00 (later reduced to $59,000.00)fine to the United States.  This Judgment was formally registered in the United States District Court for the Eastern District of Louisiana.

(Rec. Doc. 7).

On October 24, 2007, a writ of execution was issued under the Federal Debt Collection Procedures Act, ("FDCPA"), 28 U.S.C. § 3203, to Bank of America, ordering the United States Marshal to levy on money in accounts belonging to Defendant.  The U.S. Marshal effected service on Bank of America, and personnel from the bank confirmed the levy on three accounts belonging to Defendant.  At the present time, the three accounts remain levied and frozen pending further action by the Court.

In accordance with 28 U.S.C. §§ 3004(c), 3202(b)-(c), the United States served Defendant and her attorney at the time with copies of the application for writ of execution, the writ of execution, notice of levy, clerk's notice of post-judgment execution, a form for claims for exemption, and a form to request a hearing.  Moyo confirmed receipt of proper service by mailing a copy of the "request for hearing" form to the United States Attorney's Office, who forwarded the request to the Clerk of Court.  The request was formally entered into the record and docketed.  A hearing on Moyo's objections was set for February 20, 2008 at 9:30 a.m. without oral argument.

On February 19, 2008, Defendant filed a motion to continue the hearing.  The motion also states that the Defendant requests oral arguments for her objections.

**DISCUSSION**

The Government's opposition memo accurately describes the Court's position in this hearing. "It is difficult . . . to articulate a proper . . . argument because Moyo has not really asserted any affirmative basis to quash the seizure and release [of] her money." (Rec. Doc. 12). On her request for hearing, Ms. Moyo checked all three boxes, stating that she requested a hearing on the seizure of assets because she (1) disagrees with the reason that the United States gave for taking her property; (2) does not owe the money to the United States as it says she does; and (3) the property that the United States is taking is exempt.

The first two objections are easy to dispose of. The government avers that Ms. Moyo owes a substantial outstanding balance of criminal restitution to a variety of private parties and to the government. Further, the Judgment is properly considered final and has been affirmed on appeal. The Court agrees with the Government. It is clear from the record that the Defendant owes the money to the United States and the reason that the United States seized Ms. Moyo's property was due to the amount that the Defendant owes.

The third objection is harder to deal with. The Court notes that Defendant has the burden of persuasion to prove that her

property is exempt.  *See* 28 U.S.C. § 3014(b)(2); *United States v. Santee Sioux Tribe*, 254 F.3d 728, 733 (8th Cir. 2001); *United States v. Sparkman*, No. 04-69, 2004 WL 935512, at *2. (N.D. Tex. Apr. 29, 2004)(Sanderson, Mag.).  Moyo has not presented any evidence at this time that the property is exempt.

Moyo now claims that the seizure should be quashed because the money seized by the Government does not belong to her.  (Rec. Doc. 13, at 3).  As a general rule, a party must assert his own legal rights and interests and cannot rest a claim to relief on the legal rights and interests of third parties.  *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004); *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  While the Supreme Court has delineated some exceptions to the general rule, Ms. Moyo has not made any showing of why any of those exceptions should apply.  *Kowalski*, 543 U.S. at 129-30. Therefore, Ms. Moyo's objection that the money seized does not belong to her cannot be considered a valid objection.

Ms. Moyo also claims in her motion to continue that the funds seized include funds in an IRA account and funds in a Health Savings Account ("HSA").  The Government notes, and the Court agrees, that because Ms. Moyo's judgment was entered in 1989, the Victim Witness Protection Act was in effect at the time, and continues to govern this case.  *See Hughey v. United States*, 495 U.S. 411, 413 n. 1 (1990); *United States v. Ridgeway*,

4

489 F.3d 732, 734 (5th Cir. 2007). The act provided that the United States could enforce federal restitution orders by using the same procedures available for enforcement of criminal fines. At that time, debtors owing criminal fines were provided exemptions from seizure coextensive with debtors owing on tax liens as provided in the Internal Revenue Code. The exemptions included: wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of a trade, business, or profession; unemployment benefits; undelivered mail; certain annuity and pension payments; workmen's compensation; judgments for support of minor children; minimum exemption for wages, salary, and other income; certain service-connected disability payments; certain public assistance payments; assistance under Job Training Partnership Act; and a principal residence. *See* I.R.C. § 6334(a)(1)-(13)(prior version before 1996). It is plausible that funds in an IRA or HSA, or even a Trust Fund could be exempt under the statutory scheme applicable to Ms. Moyo. However, she does not link those funds to a qualified exemption provided under the Internal Revenue Code, and has not even alleged at this point that any of the exemptions apply. Given that the Defendant bears the burden of persuasion in proving the exemption, and has made no such showing at this time, the Court must overrule her objections. The Court will

also deny Defendant's Motion to Continue as Defendant still has not alleged a valid objection to the Government's seizure.

The Government also requests that this Court issue an order confirming the writ to release funds. While such an order is not required, it is certainly appropriate.  The Court will grant such a request in order to expedite the distribution of funds intended for restitution. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Continue (Rec. Doc. 13) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendant's Objections (Rec. Doc. 8) are **OVERRULED;**

**IT IS FURTHER ORDERED** that the writ of execution issued by the Clerk of Court (Rec. Doc. 1-2) is hereby **CONFIRMED;**

**IT IS FURTHER ORDERED** that Bank of America **RELEASE** the levied/frozen funds/property subject to the writ of execution to the possession of the United State Attorney's Office for the Eastern District of Louisiana.  Any bank check or negotiable instrument of the levied funds/property is to be made payable to the "Clerk of Court - United States District Court."

New Orleans, Louisiana this the 21st day of February, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE