```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA              CIVIL ACTION

VERSUS                                NO: 07-7229

GWENDOLYN MOYO                        SECTION: "J" (3)
```

### ORDER AND REASONS

Before the Court is Defendant's Motion to Reconsider. (Rec. Doc. 15). For the reasons below, Defendant's Motion is **DENIED**.

### BACKGROUND

The facts pertaining to this case were fully set out in this Court's previous order. *See United States v. Moyo*, No. 07-7229, 2008 WL 517137 (E.D. La. Feb 22, 2008)(Barbier, J.). The Defendant now asks this court to reconsider its previous ruling, and permit Defendant a new hearing on the merits of her case.

### LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is filed within 10 days it is considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. *Tex. A&M Res. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401 (5th Cir. 2003).

> A Rule 59(e) motion 'calls into question the correctness of a judgment.' [The Fifth Circuit Court of Appeals] has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). This Court may properly decline to consider new arguments or new evidence on reconsideration where those arguments were available to the movant prior to the order. *Id.*

## DISCUSSION

In this case, Defendant has not presented any new evidence. Rather, Defendant simply reiterates the same arguments that she made prior to the Court's February 22, 2008 order.  A motion to reconsider is not the place to relitigate old issues. Defendant's objections, and her motion to continue specifically spelled out her objections.  The mere fact that Defendant

2

disagrees with this Court's ruling is not grounds for a motion to reconsider.  *See Henson v. Odyssea Vessels, Inc.*, No. 07-613, 2008 WL 89513 (E.D. La. Jan. 7, 2008); *F.D.I.C. v. Cage*, 810 F. Supp. 757, 747 (S.D. Miss. 1993)(holding that a motion that "merely expresses disagreement with the findings of the Court" is not grounds for a motion to reconsider). The Defendant has not presented new evidence nor has she shown that the Court committed a manifest error of law or fact.  Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reconsider (Rec. Doc. 15) is **DENIED**.

New Orleans, Louisiana this the 11th day of March, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE